```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

LUIS ALBERTO RODRIGUEZ

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           09-cv-1089(KAM)(SMG)

QUEENS CONVENIENCE DELI CORP. and SALEM
ALI, jointly and severally,

                    Defendants.

----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On March 16, 2009, plaintiff commenced this action, alleging that defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA") and New York Labor Law, Art. 6, §§ 190 *et seq.*, and Art. 19 §§ 650 *et seq.* (collectively "N.Y.L.L."). Defendants have not appeared or answered plaintiff's complaint. For the reasons set forth below, plaintiff's motion for entry of a default judgment in the amount of $49,840.89 against defendant Queens Convenience Deli Corp. is granted, but because no allegations or showing has been made to award damages against defendant Salem Ali, jointly and severally, the court orders judgment in the amount of $0 against defendant Ali.

## Background

**A. Facts**

The following facts are taken from plaintiff's complaint and affidavit and are undisputed. (ECF No. 1, Complaint, filed March 16, 2009 ("Compl."); ECF No. 10, Motion for Entry of Default, filed April 12, 2011 ("Pl. Mot."); ECF No. 12, Affidavit of Plaintiff in Support of Plaintiff's Motion for Default Judgment, filed April 12, 2011 ("Pl. Aff.").) Plaintiff Luis Alberto Rodriquez ("plaintiff") was an employee of Queens Convenience Deli Corp. ("Queens Convenience"),[1] from approximately June 12, 2006 to October 20, 2006, and again from approximately March 5, 2007 to November 19, 2008. (Compl. at ¶¶ 10-11.) Plaintiff was employed as a stockperson and worked seven days a week from 6:00 p.m. to 6:00 a.m. for a total of approximately eighty-four hours per week. (*Id.* at ¶¶ 8, 12.) Plaintiff was paid a flat rate of $500 per week. (*Id.* at ¶ 13.) Plaintiff was never compensated for working more than forty hours per week or for working more than ten hours per day. (*Id.* at ¶¶ 33-34.)

On March 16, 2009, plaintiff filed the instant complaint against defendants under the FLSA and NYLL for unpaid minimum wages, unpaid overtime wages, unpaid spread of hours

---

[1] Plaintiff also names Salem Ali as a defendant. The court will refer to Queens Convenience and Ali together as "defendants," but as set forth herein, the court will not hold defendant Ali jointly and severally liable for damages awarded to plaintiff.

2

compensation and liquidated damages. (*See generally* Compl.) Defendants were served with a summons and a copy of the complaint on March 26, 2009. (ECF Nos. 3, 4, Affidavits of Service, filed March 31, 2009.) Defendants failed to answer the complaint or otherwise appear. (Pl. Aff. at ¶ 4.) Plaintiff moved for entry of default (ECF No. 7, Motion for Entry of Default Judgment, filed November 6, 2009), and the Clerk of the Court entered a notation of default on December 2, 2009 (ECF No. 8, Clerk's Entry of Default, dated December 2, 2009.) Plaintiff now moves for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55.2(b). (*See generally* Pl. Mot.) Plaintiff requests $67,311.55 in damages. (Pl. Mot. at ¶ 7.)

## Legal Standard

**A. Default Judgment**

"[A] default is an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted). After liability is determined, damages must be established to a "reasonable certainty." *Duro v. BZR Piping & Heating, Inc.*, No. 10-CV-0879, 2011 U.S. Dist. LEXIS 17151, at *4 (E.D.N.Y. Jan. 26, 2011) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). The court need not hold a

3

hearing to determine damages "as long as it [has] ensured that there [is] a basis for damages specified in the default judgment." *Id*. When evaluating damages, the court "may rely on affidavits or documentary evidence. . . ." *Id.* (citing *Tamarin v. Adam Caterers, Inc.* 13 F.3d 51, 54 (2d. Cir. 1993)); *see also Chun Jie Yin v. Kim*, No. 07-CV-1236, 2008 U.S. Dist. LEXIS 118533, at *2 (E.D.N.Y. Apr. 1, 2008)).

**B. Fair Labor Standards Act**

The FLSA was enacted "to eliminate 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 104 (2d Cir. 2010) (quoting 29 U.S.C. § 202(a)). "The statute of limitations for an FLSA claim is two years, unless the violation is 'willful,' in which case it is three years." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011) (citing 29 U.S.C. § 255(a)). When a defendant defaults, the violation is considered "willful" and the three year statute of limitations applies. *Blue v. Finest Guard Servs., Inc.*, No. 09 CV 133, 2010 U.S. Dist. LEXIS 73223, at *33 (E.D.N.Y. June 24, 2010). The statute of limitations starts to run when the employee begins to work for the employer. *See Wicaksono v. XYZ 48 Corp*, No. 10 Civ. 3635, 2011 U.S. Dist. LEXIS 55771, at *8-9

(S.D.N.Y. May 2, 2011), *adopted by* 2011 U.S. Dist. LEXIS 55734 (S.D.N.Y. May 24, 2011).

In the present case, defendants defaulted, and therefore the three-year statute of limitations applies. Plaintiff began working on approximately June 12, 2006 and filed his complaint on March 16, 2009. As such, plaintiff's FLSA claim is timely.

**C. New York Labor Law**

An employee is entitled to relief under New York law if he or she "is paid by his or her employer less than the wage to which he or she is entitled under the provisions" of the article. N.Y.L.L. § 663(1). The statute of limitations for an NYLL claim is six years, *id.* § 663(3), and it begins to run when the employee begins to work for the employer. *See Wicaksono*, 2011 U.S. Dist. LEXIS 55771, at *8-9. Plaintiff's state claims are also timely.

## Discussion

**A. Minimum Wage Compensation**

The FLSA requires employees to be compensated at a minimum hourly rate for each hour that they work. *Wicaksono*, 2011 U.S. Dist. LEXIS 55771, at *8 (citing 29 U.S.C. § 206(a)). New York law has the same requirement. N.Y.L.L. § 652(1). "[A] plaintiff may recover under the statute which provides the greatest amount of damages." *Wicaksono*, 2011 U.S. Dist. LEXIS

5

55771, at *8 (citing *Jiao v. Shi Ya Chen*, No. 03 Civ. 165, 2007 U.S. Dist. LEXIS 96480, at *57 (S.D.N.Y. Mar. 30, 2007)). During the relevant periods, N.Y.L.L. provided a higher minimum wage rate than the FLSA, and therefore plaintiff will be compensated according to the N.Y.L.L. minimum wage rate. *Compare* N.Y.L.L § 652(1) (state minimum wage was $6.75 per hour between January 1, 2006 and December 31, 2006, and $7.15 per hour after January 1, 2007) *with* 29 U.S.C. § 206(a)(1) (federal minimum wage was $5.15 per hour prior to July 24, 2007, $5.85 per hour between July 24, 2007 and July 23, 2008, and $6.55 per hour after July 24, 2008).

Under the FLSA, an employee seeking to recover unpaid wages "has the burden of proving that he performed work for which he was not properly compensated." *Wicaksono,* 2011 U.S. Dist. 55771, at *5 (citation omitted). An employer, however, has a burden under state and federal law to maintain records of the wages, hours, and persons employed by him. *Id.* Where the employer fails to meet this burden, a plaintiff may meet his or her burden of establishing how many hours he or she worked "by relying solely on his or her recollection." *Rivera v. Ndola Pharm. Corp.*, 497 F. Supp. 2d 381, 388 (E.D.N.Y. 2007) (citing *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005)). Specifically, a plaintiff's affidavit that states the

6

number of hours worked is sufficient. *See generally Wicaksono*, 2011 U.S. Dist. LEXIS 55771.

During plaintiff's first employment with defendants from June 12, 2006 to October 20, 2006, the minimum wage was $6.75 per hour. N.Y.L.L. § 652(1). Plaintiff affirmed that during this nineteen-week period, he worked eighty-four hours per week. Plaintiff was thus entitled to $567 per week, or a total of $10,733. Instead, plaintiff was paid only $500 per week, or a total of $9,500. Accordingly, plaintiff is entitled to the difference of $1,233.

During plaintiff's second employment with defendants from March 5, 2007 to November 19, 2008, the minimum wage was $7.15 per hour. N.Y.L.L. § 652(1). Plaintiff affirmed that during this period of eighty-eight weeks, he worked eighty-four hours per week. Plaintiff was thus entitled to $600.60 per week, or a total of $52,852.80. Instead, plaintiff was paid only $500 per week, or a total of $44,000. Accordingly, plaintiff is entitled to the difference of $8,852.80.

During the last week of plaintiff's employment with defendants in November 2008, plaintiff affirmed that he worked thirty-seven hours. Plaintiff was thus entitled to $264.55. Because he was only paid $200, plaintiff is entitled to the difference of $64.55.

Accordingly, plaintiff is entitled to a total of $10,150.35 in unpaid minimum wage compensation for the periods of employment.

**B. Overtime Compensation**

Pursuant to the FLSA, employees must be paid a minimum of one and one-half times the regular rate they are normally paid "for any hours worked in excess of forty hours in a given week." *Reiseck*, 591 F.3d at 104 (citing 29 U.S.C. § 207(a)). New York state law treats overtime compensation in the same manner. *Duro*, 2011 U.S. Dist. LEXIS 17151, at *8 (citing N.Y.L.L. § 198(1-a).)

Plaintiff has demonstrated that he regularly worked eighty-four hours per week from June 12, 2006 to October 20, 2006 and again from March 5, 2007 to November 19, 2008 (excluding the final week of his employment, in which he worked thirty-seven hours). (*See* Pl. Aff. at ¶¶ 1-4, 6.) The court calculated the minimum wage compensation due to plaintiff *supra*, and therefore must calculate only one-half of the minimum wage rate for the forty-four hours plaintiff worked in excess of forty hours per week here.

During the nineteen weeks of plaintiff's first period of employment, half of the minimum wage rate was $3.375, which he is owed for each of the forty-four hours per week he worked above the forty-hour work week. Thus, plaintiff is owed

8

$2,821.50 for the first nineteen week period of employment. During the eighty-eight weeks of plaintiff's second period of employment, half of the minimum wage rate was $3.575, which he is owed for each of the forty-four hours per week he worked above the forty-hour work week. Thus, plaintiff is owed $13,842.40 for the second eighty-eight week period of employment. Accordingly, plaintiff is owed a total of $16,663.90 in unpaid overtime compensation

**C. Spread of Hours Compensation**

New York law requires employers to pay their employees "one additional hour of pay at the minimum hourly wage" for every day that they work more than ten hours. *Duro*, 2011 U.S. Dist. LEXIS 17151, at *9-10 (citing N.Y.L.L. § 652). There is no similar FLSA provision. *Wicaksono,* 2011 U.S. Dist. LEXIS 55771, at *17.

During both periods of plaintiff's employment with defendants, he regularly worked twelve hours per day. Plaintiff's first period of employment was 133 days in length and the minimum wage was $6.75; thus, plaintiff is owed one extra hour of pay per day, or $897.75. Plaintiff's second period of employment was 616 days in length, and the minimum wage was $7.15; thus, plaintiff is owed an additional $4,404.40. Accordingly, plaintiff is entitled to "spread of hours" compensation totaling $5,302.15.

9

### D. Liquidated Damages

"An employee who prevails under the FLSA is entitled to liquidated damages equal to the unpaid wages." *Lanzetta v. Florio's Enters.,* Inc, 763 F. Supp. 2d 615, 626 (S.D.N.Y. 2011) (citing 29 U.S.C. § 216(b)). Courts can choose not to award liquidated damages "'if an employer shows that its violations were in good faith.'" *Id.* However, when a defendant defaults, the good faith showing is not made. *Wicaksono,* 2011 U.S. Dist. LEXIS 55771, at *18. In this case, defendants have defaulted, and therefore plaintiff is entitled to liquidated damages equal to 100% of unpaid minimum wage and overtime compensation.

#### a. FLSA Liquidated Damages

The court applies the federal, rather than state, wage rate to determine liquidated damages under the FLSA. *See, e.g., Wickasono,* 2011 U.S. Dist. LEXIS 55771, at *21-22 ("While I agree that the plaintiffs may recover liquidated damages under both provisions because they have established that the defendant violated both federal and state law in failing to pay them minimum wage and overtime, the most rational way to reconcile these competing cases is to calculate liquidated damages pursuant to the FLSA using the amount of actual damages that would have been awarded had the federal minimum wage rate applied. This approach recognizes that the two liquidated damages provisions serve fundamentally different purposes, but

10

also avoids the implication — unsupported by the statute or by case law — that 29 U.S.C. § 218 makes it a violation of federal law to fail to pay the state minimum wage rate.") (citations omitted); *see also Lanzetta*, 2011 U.S. Dist. LEXIS 85613 at *13 (concluding "that it was not error to calculate [federal] liquidated damages at the rate prescribed by 29 U.S.C. § 206(a)(1)").

From June 12, 2006 to October 20, 2006, the federal minimum wage was $5.15 per hour. 29 U.S.C. § 206(a)(1) (2007). As discussed *supra,* plaintiff affirmed that during this period he worked eighty-four hours per week and was paid $500 per week. Although he was paid less than the New York state minimum wage during this period and was thus entitled to the compensation discussed *supra,* because he was paid more than the federal minimum wage, he is not entitled to liquidated damages for unpaid minimum wages. He is, however, entitled to federal liquidated damages for unpaid overtime compensation. Half of the federal minimum wage rate was $2.575 and plaintiff worked forty-four hours in excess of forty hours for nineteen weeks. Thus, plaintiff is entitled to $2,152.70 in liquidated damages for unpaid overtime compensation between June 12 and October 20, 2006.

From March 5, 2007 to July 23, 2007, the federal minimum wage rate was $5.15. 29 U.S.C. § 206(a)(1) (2007). As

11

discussed *supra,* plaintiff affirmed that during this period he worked eighty-four hours per week and was paid $500 per week. Because he was paid more than the federal minimum wage, he is not entitled to FLSA liquidated damages for unpaid minimum wages. He is, however, entitled to federal liquidated damages for unpaid overtime compensation. Half of the federal minimum wage rate was $2.575 and plaintiff worked forty-four hours in excess of forty hours for nineteen weeks. Thus, plaintiff is entitled to $2,152.70 in liquidated damages for unpaid overtime compensation between March 5 and July 23, 2007.

From July 24, 2007 to July 23, 2008, the federal minimum wage rate was $5.85. 29 U.S.C. § 206(a)(1)(A) (2010). Plaintiff affirmed that during this period he worked eighty-four hours per week and was paid $500 per week. Because he was paid more than the federal minimum wage, he is not entitled to liquidated damages for unpaid minimum wages. He is, however, entitled to federal liquidated damages for unpaid overtime compensation. Half of the federal minimum wage rate was $2.925 and plaintiff worked forty-four hours in excess of forty hours for fifty-two weeks. Thus, plaintiff is entitled to $6,692.40 in liquidated damages for unpaid overtime compensation between July 24, 2007 and July 23, 2008.

From July 24, 2008 to November 19, 2008, the federal minimum wage rate was $6.55. 29 U.S.C. § 206(a)(1)(B).

12

Plaintiff affirms that he worked eighty-four hours per week for sixteen weeks during this time period. Thus, plaintiff was entitled to $8,803.20 under the federal minimum wage rate. Instead, he was paid $500 per week, or a total of $8,000. Thus, plaintiff is entitled to the difference of $803.20 in liquidated damages. In addition, plaintiff is entitled to overtime compensation equal to one-half of the minimum wage rate for the forty-four hours he worked in excess of forty hours per week. Half of the minimum wage rate was $3.275 and plaintiff worked forty-four hours in excess of forty hours for sixteen weeks. Thus, plaintiff is entitled to $2,305.60 in liquidated damages for unpaid overtime compensation between July 24 and November 19, 2008.

Finally, during the last week of plaintiff's employment with defendants in November 2008, plaintiff affirms that he worked thirty-seven hours. Plaintiff was thus entitled to $242.35 under the federal minimum wage rate. Instead, plaintiff was paid $200. Thus, plaintiff is entitled to liquidated damages in the amount of the difference of $42.35 for his last week of employment.

Accordingly, plaintiff is entitled to a total of $14,148.95 in federal liquidated damages. *See Wicaksono,* 2011 U.S. Dist. LEXIS 55771, at *27 (awarding "FLSA liquidated damages at an amount that reflects one hundred percent of the

13

minimum wage and overtime [the plaintiff] would have been awarded pursuant to the federal minimum wage").

### b. NYLL Liquidated Damages

Plaintiff may also recover liquidated damages under NYLL equal to 25 percent of plaintiff's state law claim for spread of hours compensation. *See, e.g., Lin v. Hayashi Ya II, Inc.*, No. 08 Civ. 6071, 2009 U.S. Dist. LEXIS 12963, at *20-21 (S.D.N.Y. Jan. 30, 2009). Accordingly, plaintiff is entitled to 25% of $5,302.15, or $1,325.54.

### E. Attorneys' Fees

Plaintiff requests attorneys' fees and costs in the amount of $2,250. (ECF No. 11, Affidavit in Support of Damage Calculations and Reasonable Attorney's Fees, filed April 12, 2011 ("Zeller Aff.") at Ex. 1.) The FLSA and NYLL both provide for attorneys' fees "for actions to recover unpaid wages." *Olvera v. New Ko-Sushi,* 10 Civ. 4643, 2011 U.S. Dist. LEXIS 17650, at *15-16 (S.D.N.Y. Feb. 15, 2011). The district court has "considerable discretion" to set a reasonable hourly rate. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2007).

Plaintiff's counsel, who is a solo practitioner who graduated from law school in 2002, has provided contemporaneous records of work performed in litigating the instant action. The record reflects an expenditure of six hours of attorney time at

14

a rate of $300 per hour, totaling $1800, and $450 in costs, (Zeller Aff. at Ex. 1), all of which appear to be reasonable. *See, e.g.*, *Melnick v. Press*, No. 06-CV-6686, 2009 U.S. Dist. LEXIS 77609, at *9 (E.D.N.Y. Aug. 28, 2009) (holding that rates in the Eastern District vary from $200 to $375 per hour for partners and $100 to $295 per hour for associates); *Moran v. Sasso*, No. 05 CV 4716, 2009 U.S. Dist. LEXIS 56381, at *4 (E.D.N.Y. July 2, 2009) (stating that in the Eastern District of New York, reasonable hourly rates have ranged from $200 to $350 for partners and $200 to $250 for senior associates). Therefore, plaintiff's request for attorneys' fees and costs of $2,250 is granted.

**F. Pre-Judgment Interest**

"It is well settled that in an action for violations of the Fair Labor Standards Act prejudgment interest may not be awarded in addition to liquidated damages." *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 714-16 (1945); *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987)). Pre-judgment interest may, however, be awarded under New York law, even if liquidated damages have also been awarded. *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999). The interest rate in New York under C.P.L.R. § 5004 is nine percent per annum.

15

To calculate the interest, "New York law leaves to the discretion of the court the choice of whether to calculate prejudgment interest based upon the date when damages were incurred or 'a single reasonable intermediate date,' which can be used to simplify the calculation." *Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 91 (2d Cir. 1998). In the present case, the midway date of plaintiff's employment is August 31, 2007. Nonetheless, the court respectfully declines to award prejudgment interest on the state law claims given the award of liquidated damages under state and federal law.

Finally, the court declines to hold defendant Salem Ali jointly and severally liable for the damages awarded to plaintiff herein. To be held liable under the FLSA, a person must be an "employer," which the statute defines broadly as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999) (citing 29 U.S.C. § 203(d)). To determine whether a given individual is an employer, the court must consider the "economic reality" of the facts of the case, including "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (citing *Carter v. Dutchess*

16

*Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)).  Here, plaintiff has alleged no facts to support a finding that defendant Ali is an employer.  Although plaintiff refers to "defendants" throughout his complaint, the only specific reference to Ali is that Ali is a "resident of Queens County."  (Compl. at ¶ 7).  Plaintiff does not allege any facts regarding Ali's relationship to Queens Convenience, nor any facts regarding Ali's power to hire and fire employees, the control he had over employees' work schedules, whether he determined employees' rate and method of payment, or whether he maintained employment records.  As such, plaintiff does not allege sufficient factual support for his contention that Ali was an employer under the FLSA and judgment shall not be entered against defendant Ali.

## Conclusion

For the foregoing reasons, the court directs the Clerk of Court to enter judgment against defendant Queens Convenience in the amount of $10,150.35 in unpaid minimum wage compensation, $16,663.90 in unpaid overtime compensation, $5,302.15 for spread-of-hours compensation, $14,148.95 in federal liquidated damages, $1,325.54 in state liquidated damages, and $2,250.00 for attorneys' fees and costs, for a total amount of $49,840.89, and judgment against defendant Ali in the amount of $0.  Plaintiffs are directed to serve a copy of this Memorandum and Order on defendants and file a declaration of service by October

17

20, 2011.  The Clerk of the Court is respectfully requested to enter judgment in favor of plaintiff and close the case.

**SO ORDERED.**

Dated:    Brooklyn, New York
         October 18, 2011

                                    _____/s/_____
                                    **KIYO A. MATSUMOTO**
                                    United States District Judge
                                    Eastern District of New York